03-CV-05427-EXH

2003 MAR 14 PM 3:13

RECEIVED AND FILED
IN OPEN COURT

MAR 2 1 2003

KITSAP COUNTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR KITSAP COUNTY

TECHNICAL PLASTICS GROUP, LLC f/k/a QUEST ACQUISITIONS, LLC, an Illinois limited liability company,

    Plaintiff,

vs.

OLD PLASTICS COMPANY, INC. f/k/a PRECISION LABORATORY PLACTICS, INC., a Washington corporation, THE AHS TRUST, a Belize Trust, and THE SMITH FAMILY TRUST, a Washington trust,

    Defendants.

)
)
)
)
)
) CAUSE NO.: 02 2 02969 0
)
)
) [PROPOSED] ORDER GRANTING
) PLAINTIFF'S MOTION FOR ESCROW
) OF FUNDS
)
)
) **ORIGINAL**
)
)
)
)
)
)
) Set for Hearing:
) Civil Motion Calendar,
) 9:00 a.m., March 21, 2003
)
)
)
)

THIS MATTER having come on regularly before the Judge of the above-entitled Court, and having heard oral argument, and having considered the following:

*ORDER GRANTING PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 1*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
WWW.COLBERTLAW.COM

1. Plaintiff's Motion for Escrow of Funds and Defendants' Opposition to said motion;
2. Declaration of Carl P. Colbert, and all attached exhibits; and
3. Defendants' declarations and exhibits, if any and
4.

It is hereby ORDERED that Plaintiff's Motion for Escrow of Funds is GRANTED. Counsel for Plaintiff and Counsel for Defendants shall, in good faith, agree to the appointment of an escrow agent. Plaintiff and Defendants shall then, in good faith, discuss and agree to terms of an escrow agreement on terms such that Plaintiff shall have the right to make any and all payments on the Promissory Note into an account opened in connection with said escrow agreement. Said agreement shall direct that this Court shall have the sole authority to direct disbursements from said account.

It is hereby further ORDERED that counsel shall confer in good faith and complete all arrangements in connection with this ORDER by March 26, 2003. Should this not occur, the Parties are ORDERED to appear at ~~the Civil Motion Calendar~~ JUDGE LAURIE'S Departmental on March 28, 2003, at 1:30 and the Court shall settle any issues. The purpose of this provision is that despite any disagreement among counsel, the Court will take action in order to ensure that Plaintiff's first payment on the Promissory Note, due March 31, 2003 may be made into escrow, or may be made on whatever later date such an escrow account is available for the deposit of funds. The Clerk of Court and Superior Court Administrative personnel shall accommodate the placing of this matter on the docket on March 28, 2003, even if not contacted to do so until March 27, 2003.

*ORDER GRANTING PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 2*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
WWW.COLBERTLAW.COM

1  ORDERED this 21 day of March, 2003.

                          _____
                          THE HONORABLE    ANNA LAURIE

Presented by:

COLBERT & COLBERT, LLP

By _____
   Carl P. Colbert, WSBA# 28818
Attorneys for Plaintiff(s)

Copy received, approved as to form, notice of presentation waived:

GERARD, JONES & SHORT, P.S.

By _____
   John Groseclose, WSBA# 29104
Attorneys for Defendants

*ORDER GRANTING PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 3*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
WWW.COLBERTLAW.COM

```
                                              FILED
                                         KITSAP COUNTY CLERK

                                         2003 MAR 14  P 3: 05

                                         DAVID W. PETERSON

                                         BY _____ DEPUTY
```

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR KITSAP COUNTY

| | |
|---|---|
| TECHNICAL PLASTICS GROUP, LLC f/k/a QUEST ACQUISITIONS, LLC, an Illinois limited liability company, | CAUSE NO.: 02 2 02969 0 |
| Plaintiff, | PLAINTIFF'S MOTION FOR ESCROW OF FUNDS |
| vs. | |
| OLD PLASTICS COMPANY, INC. f/k/a PRECISION LABORATORY PLACTICS, INC., a Washington corporation, THE AHS TRUST, a Belize Trust, and THE SMITH FAMILY TRUST, a Washington trust, | **ORIGINAL** |
| Defendants, | Set for Hearing: Civil Motion Calendar, 9:00 a.m., March 21, 2003 |

*PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 1*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
WWW.COLBERTLAW.COM

## I. RELIEF REQUESTED

PLAINTIFF, TECHNICAL PLATICS GROUP, LLC ("Plaintiff") hereby respectfully moves this court to order the opening of an escrow account, or in the alternative, deposit with the court, for any and all funds to be paid by Plaintiff on that certain Promissory Note, the ownership of which forms the very basis for this declaratory judgment action, until the ownership of said Promissory Note is duly established by this Honorable Court.

## II. STATEMENT OF GROUNDS

The underlying action herein is a declaratory judgment action, filed by Plaintiff, in order to determine the ownership of a certain Promissory Note (hereinafter referred to as "the Promissory Note") issued by Plaintiff. Plaintiff has alleged that the Promissory Note has been intentionally and improperly transferred by defendant Old Plastics Company, Inc. so as to extinguish certain rights Plaintiff has against Old Plastics Company, Inc. with respect to the Promissory Note.

Plaintiff has obtained a money judgment against the true owner of the Promissory Note (under Kitsap County Superior Court cause number 02-2-00474-3), which judgment has not been satisfied by the true owner (defendant Old Plastics Company, Inc.), despite Plaintiff's demand. If defendant Old Plastics Company, Inc, is allowed to improperly transfer the Promissory Note ti would be allowed to receive the benefits of that note, while at the same time extinguishing Plaintiffs rights against defendant Old Plastics Company, Inc. with respect to the same Promissory Note.

The entire purpose of this declaratory judgment action is to determine the actual ownership of the Promissory Note, so the Plaintiff does not lose the benefit of the contractual and legal remedies it has against the true owner of the Promissory Note, Old Plastics Company, Inc.

*PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 2*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
*WWW.COLBERTLAW.COM*

Under the terms of the Promissory Note, the first payment is due by Plaintiff on March 31, 2003. The entire purpose of this action will be for naught if Plaintiff is required to pay a party who is not the legal, true owner of the Promissory Note. As this is this case, Plaintiff respectfully requests that this Honorable Court issue an order allowing Plaintiff to make its payments under the Promissory Note into an escrow account, or into the Court's registry, until this matter can be fully resolved on the merits.

### III.   STATEMENT OF ISSUES

1.   Whether this Court should order that payments on the Promissory Note be made into an escrow account or into the Court's registry until the underlying declaratory judgment action is heard in order to determine who owns the notes and is entitled to the payments thereunder.

### IV.   EVIDENCE RELIED UPON

This motion is based on the pleadings and files herein and the Declaration of Carl P. Colbert and all exhibits and attachments thereto.

### V.   LEGAL AUTHORITY

This is a declaratory judgment action filed pursuant to RCW 7.24 et seq. Pursuant to RCW 7.24.190, this Court has the specific authority (as well as its general equitable powers) to "restrain all parties involved in order to secure the benefits and preserve and protect the rights of all parties to the court proceedings." RCW 7.24.190.

*PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 3*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 • FAX (253) 265.3660
WWW.COLBERTLAW.COM

## VI. FACTS & ARGUMENT

Plaintiff purchased the assets of a precision molded plastics business from defendant Old Plastics Company, Inc. three years ago. The purchase was made pursuant to an Asset Purchase Agreement (as amended, the "Asset Purchase Agreement"). In connection with the purchase and the execution of the Asset Purchase Agreement, Plaintiff issued to defendant, Old Plastics Company, Inc., the Promissory Note, See Attachment C to Declaration of Carl Colbert.

Defendant Old Plastics Company, Inc. commenced an arbitration against Plaintiff in connection with the Asset Purchase Agreement and the transactions contemplated therein. *Plaintiff* prevailed in the arbitration commenced by Defendant Old Plastics Company, Inc. and was awarded $150,000.00. This award was confirmed in Kitsap County Superior Court. Defendant Old Plastics Company, Inc. has not paid this judgment in full. In fact, the only amount collected by Plaintiff on its judgment was an amount held in escrow by a third party.

Defendant Old Plastics Company, Inc. has attempted to engage in certain "transfers" of the Promissory Note including purported "void ab initio" "transfers" to and from Belize trusts and other trusts. Plaintiff has obtained documentation surrounding certain of said transfers. Please see Attachment B to Declaration of Carl Colbert. These "transfers" violated the asset purchase agreement. Furthermore, as "void ab initio" transfers, they did not occur. They appear to either have been engaged in an effort to damage Plaintiff, or in an effort to somehow move assets or otherwise maneuver in response to, or anticipation of the Federal Government's criminal cases against Norman Hugh Smith (currently serving three years at FCI Sheridan for tax related conviction) and Alice Smith, the proprietors and sole prior owners of Old Plastics Company, Inc. who sold the business to Plaintiff. See Attachment C to Declaration of Carl Colbert.

*PLAINTIFF'S MOTION FOR ESCROW OF FUNDS- 4*

COLBERT & COLBERT, LLP
2821 CABRINI DRIVE NORTHWEST
GIG HARBOR, WASHINGTON 98335
(253) 265.3650 ♦ FAX (253) 265.3660
WWW.COLBERTLAW.COM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KITSAP COUNTY

TECHNICAL PLASTICS GROUP, LLC )
f/k/a QUEST ACQUISITIONS, LLC, an )
Illinois Limited Liability Company, )
) CAUSE NO.: 02-2-02969-0
)
    Plaintiff, )
) SUMMONS (20 Days)
vs. )
)
OLD PLASTICS COMPANY, INC. )
f/k/a PRECISION LABORATORY )
PLASTICS, INC., a Washington )
Corporation, THE AIIS TRUST, a Belize )
Trust, and THE SMITH FAMILY )
TRUST, a Washington Trust, )
    Defendants. )

TO:   The SMITH FAMILY TRUST, a Washington Trust, through ALICE S. SMITH, Trustee of the SMITH FAMILY TRUST, a Washington Trust;

A lawsuit has been started against you in the above-entitled Court by TECHNICAL PLASTICS GROUP, LLC f/k/a QUEST ACQUISITIONS, LLC, an Illinois Limited Liability Company, Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment

SUMMONS (20 Days) – 1

COLBERT & COLBERT, LLP
56TH STREET PROFESSIONAL PLAZA
3300 - 56TH STREET, SUITE 101
GIG HARBOR, WASHINGTON 98335
(253) 853-1720 • FAX (253) 851-1705
WWW.COLBERTLAW.COM

NOV 0 6 2002
DAVID W PETERSON

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KITSAP COUNTY

| | |
|---|---|
| TECHNICAL PLASTICS GROUP, LLC f/k/a QUEST ACQUISITIONS, LLC, an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>OLD PLASTICS COMPANY, INC. f/k/a PRECISION LABORATORY PLASTICS, INC., a Washington Corporation, THE AHS TRUST, a Belize Trust, and THE SMITH FAMILY TRUST, a Washington Trust,<br>Defendants. | CAUSE NO.:<br><br>02 2 02969 0<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>Copy |

COMES NOW TECHNICAL PLASTICS GROUP, LLC (hereinafter "Plaintiff"), alleging as follows:

I.   JURISDICTION

1.   This Court has jurisdiction pursuant to RCW 7.24, et. seq.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

COLBERT & COLBERT, LLP
[law firm address block, illegible]

## II. PARTIES AND VENUE

2. Plaintiff is an individual who at all times relevant herein conducted business in and around Lewis County, Washington.

3. Defendant AHS Trust (hereinafter "the Belize Trust") is a Belize trust or a Belize Trust void ab initio existing or formerly existing under the laws of Belize.

4. Defendant The Smith Family Trust (hereinafter "the Washington Trust") is a trust organized under the laws of the State of Washington.

5. Defendant Old Plastics Company, Inc. (hereinafter "Old Plastics") is a corporation organized under the laws of the State of Washington with a principal place of business and registered agent located in Kitsap County, Washington.

6. The declaratory judgment of this court herein will control the enforceability of a current Kitsap County Superior Court Judgment previously obtained by Plaintiff against Old Plastics.

7. Jurisdiction and venue are proper in Kitsap County, Washington.

## III. FACTS

8. On or about March 1, 2000, Plaintiff, Old Plastics, the Belize Trust and certain other parties entered into an Asset Purchase Agreement (which was later amended) (hereinafter "the Asset Purchase Agreement") concerning the assets and liabilities of a Centralia, Washington based precision molded plastics manufacturing company.

9. In connection with the consummation of the transactions contemplated by the Asset Purchase Agreement, Plaintiff executed a promissory note to the order of Old Plastics in the amount of $747,000.00.

COMPLAINT FOR DECLARATORY
JUDGMENT            2

COLBERT & COLBERT, LLP
[illegible address block]
SUITE 101
GIG HARBOR, WASHINGTON 98335
(253) 850-1720 • FAX (253) 850-1705
WWW.COLBERTLAW.COM

10. The Asset Purchase Agreement contained an arbitration clause, which clause required the parties to the Asset Purchase Agreement to submit any dispute arising out of the Asset Purchase Agreement to binding arbitration.

11. Disputes arose under the Asset Purchase Agreement and an arbitration was commenced to settle said disputes.

12. As a result of the arbitration, Plaintiff obtained an arbitration award against Old Plastics in the amount of $150,000.00.

13. This arbitration award was confirmed and the award was converted into a judgment of this Honorable Court on or about February 15, 2002. This took place under cause number 02-2-00474-3.

14. Plaintiff, despite its demands for full payment, has only been able to satisfy part of this judgment.

15. The Promissory Note appears to be the only asset of the debtor Old Plastics.

16. Plaintiff has received documentation that purports to evidence a transfer of the Promissory Note from Old Plastics to the Belize Trust.

17. Plaintiff has received documentation showing the Belize Trust to be a trust that was void ab initio.

18. Plaintiff has received documentation purporting to evidence a transfer of the Promissory Note from the void ab initio Belize Trust to the Washington Trust.

19. The Asset Purchase Agreement forbade any transfer of the Promissory Note to the Belize Trust.

20. Any transfer of the Promissory Note to the void ab initio Belize Trust was also void.

21. Any transfer of the Promissory Note from the void ab initio Belize Trust was also void.

COMPLAINT FOR DECLARATORY
JUDGMENT - 3

COLBERT & COLBERT, LLP
606 11 Street Professional Plaza
3306-South Street, Suite 101
Gig Harbor, Washington 98335
(253) 851-1720 • FAX (253) 853-1705
www.colbertlaw.com

22. Since no valid transfer of the Promissory Note took place or could have taken place, the Promissory Note is owned by and under the control of Old Plastics.

23. Being the property of Old Plastics, the Promissory Note is subject to execution on by Old Plastics' judgment creditors.

24. Plaintiff is a judgment creditor of Old Plastics.

25. Plaintiff is within its rights to execute upon the Promissory Note as an asset of Old Plastics.

26. Any current transfer of the Promissory Note in the face of Plaintiff's judgment creditor status would be a fraudulent conveyance.

## IV. CAUSES OF ACTION

BASED UPON the foregoing facts, the following causes of action arise:

27. REQUEST FOR DECLARATORY JUDGMENT. Based on the foregoing, Plaintiff respectfully requests the declaratory judgments and other relief set forth below.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

1. For a declaratory judgment that any purported transfer of the Promissory Note from Old Plastics to any third party was (a) void, and (b) done in contravention of the explicit terms of the Asset Purchase Agreement;

2. For a declaratory judgment that any purported transfer of the Promissory Note from ACS Trust to any third party was void;

*COMPLAINT FOR DECLARATORY JUDGMENT* 4

COLBERT & COLBERT, LLP
[address illegible]

3. For a declaratory judgment that the Promissory Note is owned by and in the possession of Old Plastics and/or a declaratory judgment that the Promissory Note is void as to any holder other than Old Plastics and must be re-issued to Old Plastics;

4. For a declaratory judgment that any transfer of the Promissory Note from Old Plastics without the permission of Plaintiff would constitute a fraudulent transfer;

5. For further relief as defined at RCW 7.24.080, including a court order commanding the Kitsap County Sheriff, or other appropriate Sheriff, to execute on the Promissory note on behalf of Plaintiff or such other order as would most appropriately provide for creditors of Old Plastics to reach the Promissory Note asset;

6. For an order granting this petition a speedy hearing and an advancement on the Court's calendar pursuant to CR57;

7. For Plaintiff's attorney's fees and costs, as allowed by law, including, but not limited to, RCW 7.24.100; and

8. For such other and further relief as the Court deems just and equitable.

DATED this 6th day of September, 2002.

COLBERT & COLBERT, LLP

By _____
Cark P. Colbert, WSBA# 28818
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY
JUDGMENT 5

COLBERT & COLBERT, LLP
5801 STREET PROFESSIONAL PLAZA
3808-56TH STREET, SUITE 101
GIG HARBOR, WASHINGTON 98335
(253) 853-1776 • FAX (253) 853-1705
WWW.COLBERTLAW.COM

## VI. VERIFICATION OF COMPLAINT

TECHNICAL PLASTICS GROUP, LLC, an Illinois corporation, (through its duly appointed officer and representative) states that it is the Plaintiff herein. It has read the foregoing Complaint, knows the contents thereof and believes them to be true. It certifies under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this ___ day of September, 2002, at _____, Washington.

TECHNICAL PLASTICS GROUP, LLC

By: _____
Name: J. Craig Deakour
Title: President

COMPLAINT FOR DECLARATORY
JUDGMENT    - 6

COLBERT & COLBERT, LLP
505TH STREET PROFESSIONAL PLAZA
3309-56TH STREET, SUITE 101
GIG HARBOR, WASHINGTON 98335
(253) 853-1720 • FAX (253) 858-1700
WWW.COLBERTLAW.COM